Filed 9/28/20  Cabral v. Mendez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAISY CABRAL,<br><br>     Plaintiff and Appellant,<br><br>          v.<br><br>FABIOLA MENDEZ,<br><br>     Defendant and Respondent. | G058306<br><br>(Super. Ct. No. 30-2019-01074888)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Patrick Flannery, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Thakur Law Firm, Pamela Tahim Thakur for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

\*          \*          \*

Plaintiff Daisy Cabral appeals from the trial court's denial of her petition for a civil harassment restraining order against defendant Fabiola Mendez under Code of Civil Procedure section 527.6 (all further statutory references are to this code).  We conclude plaintiff failed to show a sufficient threat of future harassment and affirm.

**FACTS AND PROCEDURAL HISTORY**

After granting plaintiff's request for a temporary restraining order, the court held an evidentiary hearing on her petition for a permanent restraining order (also known as an injunction) against defendant.  The following evidence was introduced.

Plaintiff owns a natural supplements company in Los Angeles and has an ongoing business dispute with M.R.  Defendant is friends with M.R., and first met plaintiff in 2015.

A friend of plaintiff sent her screenshots of Instagram messages made by defendant on June 5, 2019.  The messages sent to plaintiff's friend mentioned both plaintiff and her boyfriend by name.

In one message, defendant wrote "do not forget that you work in a store where many people come and go.  So you better be careful, and do not let happen what happened to the rapper they killed outside his business for being an asshole just like you."  Plaintiff understood this to be a reference to Nipsey Hussle, a rapper who had recently been shot in front of a store he owned.

Defendant testified this message was directed towards plaintiff's boyfriend because he had posted pictures of defendant's son and her home address on his Instagram account.

In a different message, defendant wrote plaintiff and her boyfriend were "born monkeys and monkeys you will die."  Defendant explained this message was "like a saying that we have in Spanish.  It's like you're born poor, you're going to die poor." Defendant said she intended the message as a threat to plaintiff and her boyfriend.

2

Plaintiff also received a message telling her to "shoot [herself] before somebody else does," but defendant denied sending it. The day after plaintiff got this message, defendant posted a photo on Facebook indicating she was in downtown Los Angeles and asking who else was around.

Plaintiff was in a state of "constant fear" after receiving the messages, and as a result she started going to therapy and staying in a different house.

The court ultimately denied plaintiff's petition, explaining: "The court is aware of the fact that a [temporary restraining order] is reasonable belief, but a permanent injunction requires clear and convincing evidence. . . . The court is going to find there has been a failure of the burden of proof. [¶] Court does not find by clear and convincing evidence that there has been unlawful violence, assault, battery, stalking, that there's been a credible threat of violence, knowing and willful course of conduct that would leave a reasonable person in fear for their life."

## DISCUSSION

For purposes of obtaining a civil harassment restraining order, section 527.6, subdivision (b)(3) defines "'[h]arassment'" as, among other things, "a credible threat of violence . . . ." A "'[c]redible threat of violence'" is defined as "a knowing and willful statement or course of conduct that would place a reasonable person in fear for the person's safety, or the safety of the person's immediate family, and that serves no legitimate purpose." (§ 527.6, subd. (b)(2).) Harassment must be proven by clear and convincing evidence to obtain a permanent restraining order. (§ 527.6, subd. (i).)

We review the trial court's ruling on the petition for abuse of discretion, but review the court's factual findings for substantial evidence. (*Parisi v. Mazzaferro* (2016) 5 Cal.App.5th 1219, 1226, disapproved on another ground in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010, fn. 7.) "'We resolve all conflicts in the evidence in favor of . . . the prevailing party, and indulge all legitimate and reasonable inferences in favor of upholding the trial court's findings.'" (*Ibid.*)

3

Plaintiff contends she presented substantial evidence of a credible threat of violence, and therefore, the court should have granted her request for a permanent restraining order. We are not persuaded.

To begin with, plaintiff misperceives her burden on appeal. In substance the trial court found plaintiff had not proved a credible threat of future harassment by clear and convincing evidence. That was a question for the trial court, and it was resolved against her. The question for this court to determine is whether substantial evidence compelled the trial court to find in her favor on that issue. (Cf. *Roesch v. De Mota* (1944) 24 Cal.2d 563, 570-571.) In other words, to demonstrate error, plaintiff must establish substantial evidence does not support the trial court's ruling in favor of defendant.

Plaintiff has not met her burden, because: "An injunction restraining future conduct is only authorized when it appears that harassment is likely to recur in the future." (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 496.) And, "the determination of whether it is reasonably probable an unlawful act will be repeated in the future rests upon the nature of the unlawful violent act evaluated in the light of the relevant surrounding circumstances of its commission and whether precipitating circumstances continue to exist so as to establish the likelihood of future harm." (*Scripps Health v. Marin* (1999) 72 Cal.App.4th 324, 335, fn. 9.)

Here, substantial evidence supports the trial court's finding plaintiff failed to show defendant's harassment was likely to recur in the future. While plaintiff's business dispute with M.R. might be ongoing, the evidence showed all of defendant's Instagram messages referring to plaintiff were made on one day. Plus, the triggering event—plaintiff's boyfriend posting defendant's address and pictures of her son—is not likely to recur. There was no evidence presented defendant made any prior threats or any subsequent threats against plaintiff or her boyfriend. Nor was there any evidence defendant has had any other contact with plaintiff.

4

## DISPOSITION

The judgement is affirmed.


THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

5